**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　No. 02-4355

VICTOR DESCOTT TORRENCE,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-8)

Submitted: April 14, 2003

Decided: May 1, 2003

Before LUTTIG and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Eric A. Bach, Charlotte, North Carolina, for Appellant. Robert James Conrad, Jr., United States Attorney, D. Scott Broyles, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Victor Descott Torrence pled guilty to one count of conspiracy to possess with intent to distribute and distribute cocaine base. Torrence's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Torrence has filed a pro se supplemental brief raising several issues.

Torrence first claims that the general appeal waiver in his plea agreement was not knowingly and intelligently made because the court did not adequately ensure that he understood the significance of the waiver. As Torrence raised no objection to his Fed. R. Crim. P. 11 proceeding below, we review this claim for plain error. *United States v. General*, 278 F.3d 389, 394 (4th Cir.), *cert. denied*, 122 S. Ct. 2643 (2002).

We have carefully reviewed the record and conclude that Torrence's plea was fully voluntary and that he knowingly and intelligently waived his right to appeal his conviction and sentence as stated in the plea agreement. *See* Fed. R. Crim. P. 11; *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992).

Torrence next asserts that the dates of the conspiracy as stated in his indictment are inaccurate. In pressing this claim, he argues that a second plea waiver provision foreclosing challenges to his indictment based on, *inter alia*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is invalid and thus he is entitled to review of his claim. This contention is misplaced, however, because the knowing and intelligent general plea waiver operates to foreclose the claim.

Finally, Torrence raises two challenges to his sentence, claiming that three prior juvenile convictions should not have been used in calculating his criminal history category and insisting that he should not have been sentenced as a career offender. We find that these claims are barred by virtue of Torrence's appeal waiver. We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Torrence's conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*